IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID K. OGDEN,

        Plaintiff,

v.

TI AUTOMOTIVE GROUP,
MARK DECKER, and
MARGARET BRUMBACK,

        Defendants.

Case No. 3:26-CV-00477-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a motion filed by *pro se* Plaintiff David Ogden. (Doc. 22). In his motion, which is styled a "Motion for Leave on a Point of Order Pursuant to FRCP Rule 11 and 8," Ogden asks this Court to order Defendants TI Automotive Group, Mark Decker, and Margaret Brumback to "reconsider their answers and affirmative defenses to align with the requirements" of the Federal Rules of Civil Procedure. *Id.* at 5. Specifically, Ogden takes issue with the breadth of the affirmative defenses listed in Defendants' answer (Doc. 8), which he characterizes as "vague and prophylactic." (Doc. 22, at 3). Because Ogden seeks an order from this Court directing Defendants to replace their answer, his motion is best construed as either a motion for a more definite statement under Rule 12(e) or a motion to strike under Rule 12(f). As set forth below, the Court denies his motion.

Ogden frames his request as one of judicial economy. Pointing out that the parties'

joint report and proposed scheduling and discovery order is soon due, Ogden argues that the eighteen affirmative defenses listed in Defendants' answer will vastly expand the scope of discovery. (Doc. 22, at 3). He states that he "is prepared to file a brief" responding to "each of [Defendants'] affirmative defenses," but instead he "seeks first to submit this [motion] as a more judicious use of the Court's finite resources."[1] *Id.* at 5.

If Ogden's motion is construed as a motion for a more definite statement under Rule 12(e), it must be denied. Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). But here, no responsive pleading is allowed: a reply to an answer may only be made with court permission. FED. R. CIV. P. 7(a)(7); *Mendez v. Ada S. McKinley Cmty. Serv. Inc.*, No. 24 C 10867, 2025 WL 4235413, at *1 (N.D. Ill. Mar. 31, 2025). Because the Court has not ordered Ogden to reply to Defendants' answer, he cannot move for a more definite statement.[2]

Even if the Court construes Ogden's motion as a motion to strike under Rule 12(f), it should still be denied. Rule 12(f) provides that a "court may strike from a pleading an

---

[1] It is worth noting that Ogden has since gone ahead and filed replies to Defendants' answer anyway. (Docs. 28, 29). However, replies to answers are not allowed except by order of the court. *See* FED. R. CIV. P. 7(a)(7). The Court has not ordered Ogden to reply to Defendants' answer, nor has he sought leave to do so. Accordingly, although the documents will remain on the docket, they will not be considered (though, of course, the Court assumes Ogden denies the answer's factual statements and affirmative defenses, pursuant to Rule 8(b)(6)). If Ogden wishes to make arguments in response to those of Defendants, he must wait for a motion which allows or requires a response—for instance, the currently pending motion to dismiss his complaint for failure to state a claim (Doc. 6).

[2] Even if a responsive pleading *were* allowed, Ogden would still not be entitled to relief under Rule 12(e). By its own terms, the rule only permits a party to move for a more definite statement "before filing a responsive pleading." FED. R. CIV. P. 12(e). As explained *supra*, note 1, Ogden has (impermissibly) filed two replies to Defendants' answer. Accordingly, he has forfeited the ability to seek a more definite statement.

insufficient defense" on its own or by motion, FED. R. CIV. P. 12(f), though such motions "are generally disfavored" and "'potentially serve only to delay.'" *Brady for Smith v. SSC Westchester Operating Co.*, 533 F. Supp. 3d 667, 677 (N.D. Ill. 2021) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). But Ogden does not argue that the affirmative defenses were insufficiently pled. Instead, he objects to the breadth of the discovery potentially warranted by Defendants' affirmative defenses. But if Ogden wants to limit the scope of discovery, he must do so through a motion "brought pursuant to Federal Rule of Civil Procedure 26." *Mendez*, 2025 WL 4235413, at *1. To preemptively strike the affirmative defenses for fear of what they might *potentially* do to the scope discovery is to put the cart before the horse.

Accordingly, Plaintiff David Ogden's motion (Doc. 22) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:   May 18, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**